**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1010 |
| | ) | |
| DATA SEARCH N.Y., INC. d/b/a TRAK | ) | Judge Guzman |
| AMERICA, LLC and TRAK AMERICA, | ) | Magistrate Judge Nolan |
| and TRIUMPH PARTNERSHIPS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**Triumph Partnerships, LLC's Response to Plaintiff Stephanie Sylverne's Motion for Leave to File Consolidated Class Action Complaint**

Defendant, TRIUMPH PARTNERSHIPS, LLC, by and through its attorneys, respectfully requests that this Court deny Plaintiff Stephanie Sylverne's Motion for Leave to File Consolidated Class Action Complaint, and in support thereof, states as follows:

1. The following cases, which includes the present case, were found to be related to the case of *Stephanie Sylverne v. Data Search N.Y., Inc. et al.*, 08 C 31 and reassigned to this Court:

- *Bradley v. Data Search N.Y., Inc., et al.*, 08 C 1010
- *Brewer v. Arrow Financial Services, L.L.C., et al.*, 08 C 95
- *Pecar, et al. v. Data Search N.Y., Inc., et al.*, 08 C 1088
- *Cahilig v. Data Search N.Y., Inc., et al.*, 08 C 1339
- *Machalleck, et al.* v. *Data Search N.Y., Inc., et al.*, 08 C 1340
- *Case v. MRC Receivables Corp., et al.*, 08 C 1346

2. Plaintiff Sylverne has requested leave to consolidate all of the above named cases, plus seeks to add one new plaintiff, Hani A. Hamad, and one new defendant, Pinnacle Credit Services LLC.

3. The related cases allege that Defendants violated the Fair Debt Collections Practices Act ("FDCPA") where Defendant Data Search N.Y., Inc. d/b/a Trak America, LL and Trak America ("Trak America") executed affidavits attached to complaints filed in state circuit courts against the Plaintiffs.

4. Triumph Partnerships, LLC ("Triumph"), Arrow Financial Services, LLC ("Arrow"), North Star Capital Acquisition LLC ("North Star"), Pallino Receivables LLC ("Pallino"), Elite Recovery Services, Inc. ("Elite"), MRC Receivables Corporation ("MRC"), Pinnacle Credit Services, LLC ("Pinnacle"), and Capital One[1] (collectively, the "Account Owners") engaged Trak America to collect on their accounts.

5. Trak America, unbeknownst to Triumph and on behalf of the Account Owners, executed affidavits that were attached to the complaints filed against the Plaintiffs.

6. The Plaintiffs' FDCPA allegation relies exclusively on the affidavits executed by Trak America.

7. Plaintiff Sylverne's Motion for Leave to File Consolidated Class Action Complaint should be denied by this Court for the following reasons: (1) Triumph is unlike some of the other Account Owners in that Triumph is a debt purchaser and not a debt collector, as such, unlike the other Defendants, Triumph is not subject to the FDCPA and the lawsuit against Triumph should be dismissed; (2) the author of the affidavits and the language of the affidavits executed by Trak America are significantly different from one another, which means that the facts differ from cases to case making it difficult and inconvenient to try all of the related cases together in a single proceeding; and (3) consolidation of the cases would be unduly burdensome

---

[1] Capital One owned Plaintiff Stephanie Sylverne's account but is not a named Defendant.

to Triumph as it would cause Triumph to incur more costs associated with defending the case (e.g. attendance at additional depositions, hearings, etc.).

8. Unlike some of the other Defendants in the related cases, Triumph is not an FDCPA defined "debt collector" because it did not act directly to collect the debts or otherwise control the collection process. *See Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036 (N.D. Ill. 2005).

9. Thus, consolidation of the related cases would unfairly group Triumph with other Defendants who unlike Triumph are in fact subject to FDCPA liability.

10. Of the ten affidavits at issue in the cases Plaintiff Sylverne seeks to consolidate, none of the affidavits are exactly the same as it relates to the language of the affidavit, the author of the affidavit, and the notary of the affidavit. *See* affidavits attached as Exhibits 1 through 10 of Appendix A of Plaintiff's Motion for Leave to File Consolidated Class Action Complaint (hereinafter, referred to as either "Plaintiff's Exhibits," collectively, or as "Plaintiff's Exhibit __").

11. Only four of the ten affidavits are authored by the same individual, Terry Kulbaba (see Plaintiff's Exhibits 3, 4, 5, and 8), but none of those four affidavits are notarized by the same individual. Furthermore, two of the four affidavits do not contain the same language.

12. Some of the affidavits do contain similar language (See Exhibits 3, 5, 8, and 10, Exhibits 2 and 7, and Exhibits 6 and 9), but in none of these groups of affidavits that contain similar language are the author and notary the same within those groups of affidavits. For example, in Exhibits 2 and 7, Crystal Pilger is the author and Karl Hernandez is the notary of the affidavit in Exhibit 2, while Lisa Kieseclar and Anne Timberman are the author and notary of the affidavit in Exhibit 7.

13. Finally, consolidation of the related cases would burden Triumph with more costs associated with defending the case.

14. Triumph's counsel would be required to attend all of the depositions associated with a consolidated class action complaint, or at the very least, would need to read the transcripts of all of the depositions. Either of the above would cause Triumph's counsel to expend a considerable amount of time.

15. Furthermore, it would be necessary for Triumph's counsel to review, and perhaps respond to, all motions, briefs, etc., filed by the multiple parties to a consolidated class action complaint. Again, this will require Triumph's counsel to expend a considerable amount of time to review filings it would not otherwise be required to do if the related cases were not consolidated.

16. Because (1) Triumph, unlike some of the other Defendants, is not a "debt collector" as defined by FDCPA; (2) the facts differ from case to case making it difficult and inconvenient to try all of the related cases together in a single proceeding; and (3) consolidation of the related cases would be unduly burdensome to Triumph; this Court should deny Plaintiff's Motion for Leave to File Consolidated Class Action Complaint.

WHEREFORE, Defendant, TRIUMPH PARTNERSHIPS, LLC, respectfully requests that this Court deny Plaintiff's Motion for Leave to File Consolidated Class Action Complaint, and for any further or other relief that this Court deems proper.

Respectfully Submitted,

TRIUMPH PARTNERSHIPS, LLC

**By:**   /s/ J. Michael True
Attorney # 6279941
Attorney for Defendants
Messer & Stilp, Ltd., #36703
166 W. Washington, Suite 300
Chicago, IL 60602
(312) 334-FIRM (3476)
(312) 334-3404 (Fax)
true@messerstilp.com

5

CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the following:

    Attorney for Plaintiff
    Daniel Edelman
    dedelman@edcombs.com

    /s/ J. Michael True
    Attorney # 6279941
    Attorney for Defendant
    Messer & Stilp, Ltd. #36703
    166 W. Washington, Suite 300
    Chicago, IL 60602
    (312) 334-FIRM (3476)
    (312) 334-3404 (Fax)
    true@messerstilp.com